**SO ORDERED.**

**SIGNED this 29 day of January, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

**DENNIS LEE DURDLE,**

      **DEBTOR.**                                                         **CASE NO. 04-02396-8-JRL
Chapter 13**

_____

**ORDER**

This case is before the court on a motion by Dennis Lee Durdle ("debtor") to recover chapter 13 disbursements paid by the trustee to certain unsecured creditors. On January 24, 2008, the court conducted a hearing on this matter in Wilmington, North Carolina.

The debtor filed a chapter 13 petition on March 24, 2004. The debtor's petition listed a claim of his ex-spouse, Kelli Durdle, for a domestic support obligation in the amount of $32,992.00. The debtor's plan, which included an amount sufficient to pay this obligation, was confirmed on June 30, 2004. The debtor made his monthly plan payments, believing that they were being used to satisfy his domestic support obligation. However, the debtor recently learned that his ex-spouse and the Illinois Department of Children and Family Services, the government entity responsible for assisting his ex-spouse in collecting her domestic support claim, filed an untimely proof of claim,

and that as a result, the obligation had not been paid and remains due.[1] The debtor's present motion requests that the court allow the proof of claim and order the repayment of funds already distributed to certain unsecured creditors in order to pay this obligation. The debtor argues that, if allowed, the claim is entitled to priority under 11 U.S.C. § 507, and that repayment from unsecured creditors is necessary to enforce and implement the proper order of distribution under 11 U.S.C. § 726(a)(1). The debtor seeks repayment from the following unsecured creditors:

| Claim No. | Unsecured Creditor | Amount of Disbursement |
|---|---|---|
| 11 | Ecast Settlement Corp. | $5,395.12 |
| 15 | Capital One | $114.48 |
| 16 | Capital One | $423.87 |
| 18 | Hanover Financial Corp. | $187.29 |
| 24 | Ecast Settlement Corp. | $1,590.98 |
| 27 | Rescomm. Holdings #02 LLC | $1,684.44 |
|   | TOTAL | $9,396.18[2] |

Under Federal Rule of Bankruptcy Procedure 3002(c), a proof of claim in a chapter 13 case must be filed within ninety days after the first date set for the creditors' meeting under 11 U.S.C. § 341(a). In addition, if the debtor receives the register of claims filed and notices the omission of a claim which should have been filed, the debtor may file a proof of that claim within thirty days after the expiration of ninety-day time period prescribed in Rule 3002(c). Fed. R. Bankr. P. 3004. It is undisputed that the claim at issue was not filed within the applicable ninety-day period and that

---

[1] The debtor's ex-spouse has agreed to accept approximately $27,292.22 in satisfaction of the domestic support obligation. This figure represents $17,542.22, the amount the debtor initially sought to recover in his present motion, and fifteen plan payments of $650.00 each, minus administrative expenses.

[2] The debtor's motion also requested disbursement from the Internal Revenue Service, Claim Number 9, in the amount of $8,146.04. However, the debtor withdrew his request for disbursement from the Internal Revenue Service at the January 24, 2008 hearing.

the debtor did not file a proof of this claim under Rule 3004.  Normally, this would be the end of the matter since the court's ability to enlarge the time period for filing a claim under Bankruptcy Rule 3002 is limited only to the exceptionally narrow circumstances provided in subsections (c)(1) - (c)(5).  See Fed. R. Bankr. P. 9006(b)(3).

The debtor argues that this case falls precisely within one of these narrow exceptions.  Under Bankruptcy Rule 3002(c)(2), "[i]n the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either."  Fed. R. Bankr. P. 3002(c)(2).  The debtor argues that this narrow exception is applicable because the joint claim for the domestic support obligation made by his ex-spouse and the Illinois Department of Children and Family Services is, in effect, a claim belonging to his children and made by those parties solely in their capacity as representatives of the children.

The court finds that the interests of justice support allowing the joint claim for domestic support obligations.  Permitting the claim to be paid through the debtor's bankruptcy estate, rather than requiring the joint claimants to recover through additional litigation, provides greater certainty that the debtor's children will, in fact, receive the domestic support that they are owed.  The court further finds that allowing the debtor's motion would not unduly delay the administration of the case.  Although the trustee initially objected to the motion, the trustee withdrew this objection at the January 24, 2008 hearing.  Additionally, the affected unsecured creditors neither filed an objection to the motion prior to the hearing, nor objected at the January 24, 2008 hearing.  Absent objection by the trustee or any affected creditors, there is no showing that permitting the relief sought by the debtor would unduly delay the administration of the case.  Therefore, the court GRANTS the

debtor's motion and ORDERS that the unsecured creditors listed below repay the amounts corresponding to their claims to the chapter 13 trustee.

| Claim No. | Unsecured Creditor | Amount of Disbursement |
|---|---|---|
| 11 | Ecast Settlement Corp. | $5,395.12 |
| 15 | Capital One | $114.48 |
| 16 | Capital One | $423.87 |
| 18 | Hanover Financial Corp. | $187.29 |
| 24 | Ecast Settlement Corp. | $1,590.98 |
| 27 | Rescomm. Holdings #02 LLC | $1,684.44 |

"**END OF DOCUMENT**"